Thank you your honor. Good morning. May it please the court. Good morning. My name is Petter Batalden and I represent the City of Long Beach and the officer defendants. These appeals arise in a difficult case where police officers made a tragic mistake. Officers are not automatically liable for making mistakes however. The doctrine of qualified immunity provides a defense to the jury ruled against the city and in favor of the plaintiffs. What are you doing here? What are you complaining about? Well your honor we've identified a number of legal errors but to begin with qualified immunity if I may. The problem is that the officer defendants never received the ultimate ruling on qualified immunity. It was not possible for the district judge to make the final legal ruling about immunity because the factual findings that were necessary were never made by the jury. That's why we had proposed interrogatories to be placed on the verdict form to allow jurors to answer the key factual disputes in the question in question in the case and there were really two of them. The two most important historical factual disputes were whether the decedent was reasonably perceived to be holding a gun and whether it was reasonable. Did the city withdraw the interrogatories prior to the jury rendering its verdict? Absolutely not your honor. The record shows that these interrogatories were proposed on paper in writing to the court. When the court got to the point in the instruction conference of looking at verdict forms the defense counsel requested that the court look at his form and when the court came to those two particular interrogatories the court said we don't need them. I don't need these. Well the court did need those questions. They were vital. It was important that those questions be answered to allow the Now when the court ultimately fashioned the form in consultation with the parties, defense counsel made very clear that those two interrogatories were removed only at the court's direction. Defense counsel said that twice and that clarifies that the issue was preserved for appeal and that it was not defense counsel who removed those interrogatories. It was at the court's direction that those interrogatories were removed. So there should be no question about preservation of that issue. Now the reason this is so is that if the ultimate questions of fact that are disputed that bear on immunity are never resolved then it's not possible to vindicate a qualified immunity defense through a summary judgment motion or a rule 50 motion for judgment as a matter of law or any other motion where the judge is going to be required to assume the truth of the facts put forward by the plaintiffs. Those motions will always be futile if the court has to assume the truth of that version of events. Let us get back to the withdrawal of the of the interrogatories. I had the sense that they were withdrawn without your objection. Your honor, when defense counsel introduced these interrogatories he said they were necessary to preserve the qualified immunity issue and then the judge said we don't need them. Nothing more under this court's precedent is necessary to preserve an issue for appeal. This court's made very clear that it's a low bar for preserving an issue. You have to raise the issue. You have to explain what what you want and you have to give the district court an opportunity to rule and all of those things were done here. Once the district court said we don't need those there was no point in having further discussion about it. Now yes it could have been embellished. The point could have been made. But they were they were nonetheless withdrawn. The judge by the judge. Yes that's right. Only the judge has the power. Yes. So they were withdrawn by the judge and there was no objection stated on the record that we will find. Is that correct or what will we find in the record? At that point. Well your honor the objection was the defense counsel's request that those be given. In other words it wasn't an objection to the giving of them. The objection was I want these and the judge took the position I don't need them or we don't need them. That's the objection that's required under Rule 51 and that was made. I think nothing more was required. The court was alerted to the issue. Qualified immunity remember had been in this case from the beginning. There were plenty of pre-trial motions. The district court had included qualified immunity in the pre-trial order. There was no surprise that this issue was coming up and that the questions needed to be answered. And as I said the only way to have the question resolved was through. And does the jury verdict basically trump the entire question? No your honor because it's a different question right. The the ultimate legal ruling. What's the significant distinction between the question the jury had to ask answer and the interrogatories? It's the same difference. What did the interrogatories ask? There were two interrogatories and one addressed the question of what the officers perceived whether they thought that the decedent was holding a weapon and the second addressed the question of whether that object was being pointed in the direction of one of the officers. And those based on the George and Scott cases that we cited page 35 of our opening brief are the reason why qualified immunity could hinge on those two. The answer to those two questions. But my question to you is why doesn't the jury verdict itself finding culpability answer the question because if if the answer to those interrogatories had been different so would the verdict? Not necessarily your honor. And the reason is why not? The jury could well have decided in this case that what was unreasonable about the officer's conduct was the failure to provide a verbal command or a warning and that they should never have left the situation get to the point where it was where it was possible to use that to use deadly force under the circumstances that arose. Had they given that warning earlier there never would have been the perception that a gun was being held that it was being pointed in the direction of officer Ortiz and that the situation escalated. That's why it would be consistent for the jury to say it was unreasonable because upstream there was no warning and yet by the same token we do honestly believe that the officers thought he was holding a gun and that he pointed it in the direction of officer Ortiz. That's why it matters. That's why the jury verdict doesn't answer the questions that the proposed interrogatories would have required the jury to answer. And we'll have to go back and look at the record again because my impression of it was the same as Judge Lucero. Sure you can propose anything you know when you when you get to the phase of verdicts and proposed instructions there's usually a dialogue and colloquy back and forth between the district judge and the parties and my impression reading the record is that it was withdrawn or the judge said he didn't need it and then that was the end of it without any any objection. But whatever you raise is there on the record and I want to remind you that the time on the you raised a lot of questions with regard to damages. Do you want to move to those issues? I'd be happy to. So the the judgment to the extent it embodies liability on a section 1983 excessive force claim should be reversed because it was only pursued the district court only allowed it to be pursued under a wrongful death theory and you can't have excessive force liability under a wrongful death theory. Excessive force claims under the Fourth Amendment are wrongful death theory is the opposite of that is the assertion of harm to the heirs as a result of what's gone on. So we think that at a minimum that excessive force theory to the extent it's embodied in the judgment must be reversed and I think there are some consequences that flow from that in connection with the qualified immunity issue that we think should be retried. First the award of attorneys fees would need to be vacated and I say vacated not reversed because it might be possible depending on further proceedings for plaintiffs to recover fees but at least for now that determination by this court would require the fees to be vacated. Second it would require a new trial. Was there an objection raised below with regard to the awarding of damages on the excessive force? Did the city preserve that argument? Yes your honor and that argument is again a legal issue that arises simply from the nature of what the verdict was right it's a it's a legal defect in the judgment it's not a factual question and I think all sides have agreed in their briefs that the judgment for excessive force under the Fourth Amendment cannot stand based upon a wrongful death theory. Now it it might have stood under a survival theory that's the other pathway here that was the source of a lot of confusion in the district court but the but the judge didn't allow the plaintiffs to recover on a survival theory and so that cannot be a justification for upholding the judgment as to the excessive force claim. So if the case has to be retried as to qualified immunity on the two interrogatories then I think a complete new trial is appropriate and that's what we've asked for in our brief and the reason is because by default there aren't partial new trials in federal court and it wouldn't make sense to have a partial new trial here because there would be an overlap between the issues that the second jury would be necessarily considered. You can't have a partial new trial consistent with the Seventh Amendment if there's a risk that the two juries will be looking at the same evidence resolving the same issues and so forth. Now that brings us I think I'll mention just briefly the jurisdictional issue that was raised I know the appellate commissioner denied the motion to dismiss but if the court has questions on that I'm happy to to address it. Our position is that we filed a notice of appeal that complied with all of the necessary prerequisites and that the appeal is appropriate. The response from the plaintiffs is that they should be allowed to pursue a cross appeal if our plaintiff our appeal stands. Our position is that... Is that just gamesmanship? Your honor it was absolutely not gamesmanship. Oh on their part? Well I won't presume to infer that on the part of the plaintiffs. I think their position is that if they had known that we were filing a notice of appeal they would have filed their own. Although there's evidence that we submitted with our response to the motion to dismiss that shows that they knew with time left on the clock to file their own notice of appeal that we had appealed. There's a letter, there's a mediation questionnaire that they all were served with so I think it's fair to assume that they had notice in time to file their own notice of appeal. But what I would add is that if the court is inclined to allow them to pursue the cross appeal and of course it hasn't been briefed here because of the way that it came up but if the court would be inclined to allow them to pursue survival damages which is what they request that that be a complete new trial because again that implicates some of the same issues that are likely to have been resolved in the first trial. With regard to... Let me ask you one question with regard to wrongful death damages and the merits. Could the panel conclude on this record that they were support by supported by state law claims the battery claim and the negligence claims and and if your answer is no why not? Your honor the the state law negligence and battery claims are different from the excessive force claims in terms of the qualified immunity defense so I'm not sure if you're asking about how the wrongful death claims affect the federal claim or the state claims. Well couldn't we conclude that the jury awarded those wrongful death damages based on the state claims that were presented to them? I see I think not your honor because if you have a single sum of damages that is awarded without distinction by the jury well you have three sums if you will for each plaintiff but they are awarded without distinction between the causes of action and the various claims. There might be a general verdict problem with assuming that the answer to the question but I don't think in any event that the verdict could stand on that basis. There would be an overlap in the event of a new trial that would require all of those claims to be retried. Thank you. Your honor Paul Hoffman for RS and Pamela Amici. I'm going to try to take seven and a half minutes and then my co-counsel will take the rest. To start on this last question that counsel raised there's there was one line for where for for wrongful death damages the parties knew absolutely that there were no wrongful death damages for section 1983. There was an entire colloquy before the trial about whether there would be any damages if the trial court did not give them pain and suffering under chowdhury. I mean pre-chowdhury. So you're saying the jury awarded the wrongful death damages based on the state claims? Yes it was clear to everybody. They awarded it under state law. It's perfectly sustainable under state law and everybody knows you can't get wrongful death damages under section 1983 and all the parties knew that and what and that takes me to another and they never preserved this issue by the way they never made a rule 50 motion they never raised this issue at all that there might be a problem with the special verdict. So they've waived any problem that that this caused but there was no problem on this because what defense counsel said was they don't have a problem there are still are some survival damages they can get fees and that's and and in fact what one of the theme and I'll be saying it on each issue really is that they waived everything they tried the case on one basis and they conceded a whole bunch of issues and and didn't raise any arguments and now they got appellate counsel to make all the arguments that they would have liked to have made if they had objected and they didn't and and for example on the attorneys fees issue and that's really what the section 1983 is about it's about the fees. Well one thing that would help me a little bit is who withdrew the interrogatories? On the interrogatories my understanding is that what happened is that the defense counsel presented a special verdict form without them after the initial without the interrogatories without the interrogatories after the initial colloquy and remember with that when that first colloquy happened they're just talking at that point the judge makes a statement and the judge I think it's clear from the record is is going out of his way to entertain any argument and and and with respect to the special interrogatories just for a second in it there's no case that requires them no case this court doesn't no other case that I'm aware of does none of their cases say so and and the cases are clear that the district court has wide discretion and if he was going to have discretion he wouldn't have asked these questions and I think to your to your honors point about the verdict the jury was properly instructed under all the factors that had to do here it is inconceivable that they didn't decide these questions or any of the other ones that would have prevented qualified immunity by ruling for for us and ruling for punitive damages and there's just it's inconceivable and and for example on the last point on the failure to warn if if they had consent apparently they're conceding that there was a failure to one that's enough that's who they lose qualified immunity on that Tennessee versus Garner on says you have to give a warning where it's possible and it's clear they could have given a warning there so they'd lose on that anyway so it's harmless behind a reasonable doubt much less with a preponderance now on the issue of fees they conceded that we were prevailing parties they conceded from the beginning they conceded in the middle they conceded at the end they never challenged that our legal entitlement to two attorneys fees and they that's all they're raising here so they have completely waived it and we're prejudiced by by the fact that they waived it in the sense that our review there's for abuse of discretion right well and yeah and I think yes and and and so they've waived that issue they also waived the issue about whether my client Pamela Amici was entitled to damages there was they want to raise a standing issue now they never raised it before and in fact not only didn't they raise it there's an estoppel there and it's probably the prettiest estoppel I've ever seen in a record the beef they made an argument that our client was entitled to wrongful death damages in order to get negative information in front of the jury they denied our motion eliminated exclude that evidence because our client could get wrongful death damages the day before the trial before opening statements our trial counsel says look I don't want to get sandbagged on this you you got you said that we're entitled to wrongful death damages and you're going to get your your negative information in there so I want on the record that you're not going to make it a challenge to standing the trial lawyer for city of Long Beach says yes she has standing under the wrongful death statute and and trial counsel says fine if that's what and that the judge says you've made your estoppel and and and so the trial counsel knew that he was going to be judicially estopped if he didn't say something he didn't say something he got the negative information and then he lost the trial let me ask you speaking of wrongful death damages I'm a little bit unclear on the scope of your cross-appeal and what it is that you're asking this court to do well the if you prevail on the question of whether the jury impermissibly awarded damages under section 1983 is there anything left to remand if you prevail in this court yes and we affirm the award and what do you want us to do on the panel the thing the one thing that would be left is is the claim and that comes up there are two ways why a cross-appeal would be reasonable one is the Mendocino well that's what I wanted to clarify because it wasn't clear that the scope of your cross-appeal is the challenge the argument raised in the opening brief that wrongful death damages were improperly awarded alone or whether it's to challenge that and also enlarge your potential word by asking that it go back on something so can you clarify the scope of your request well the scope the scope of our cross-appeal would be that we were entitled to chowdhury damages now it is the case that when the other side didn't appeal at least as we understand it we were happy to stand where we were in terms of the judgment now we do think that in light of chowdhury we would have made a cross-appeal and been able to enlarge our damages and so we would be asking the court if the court entertained the cross-appeal to allow us to get a case indicating that an untimely cross-appeal is permitted not just to affirm the war but to enlarge the award and remand essentially for further proceedings on pain and suffering damages do you have any authority that supports your honor I'm not sure whether the cases say exactly that the Mendocino of course says that when the issues are entwined and and it wouldn't cause prejudice to the other side that sure sure but like the Lee case that was discussed that's only where the parties are seeking to defend the award and not to enlarge the award so so I think we'd have to take that into consideration but but even assuming a remand which is what you're doesn't that mean a brand new trial either on liability and damages or at least just on damages to be if that's what it meant we would not want to cross-appeal to enlarge our damages we would be very happy to be satisfied with what we got and and with the waiver that the other side is but you're gonna fall as a old Confucian rule be careful what you wish may come true yeah yes you want to give my yes couldn't see the clocks I couldn't grab him Jeffrey Ehrlich for Mark Zerbe on the appeal I want to address first the claim that relates just to mr. Zerbe which is the the entitlement or standing about wrongful death damages so I think we have another example of just absolute forfeiture of that issue by failing to preserve it below it's sort of like a textbook way different ways that you could wait you you don't include it in the pretrial order in any way it doesn't get identified it's not raised in the rule 50 motion what is it what what is it to get focus our mind here a little so when they submit the pretrial joint prefrontal trial conference order which has sections that say please identify the party's claims and defenses and issues to be tried and the elements of the claim standing is never never raised it was raised as to the mother right so there was an affirmative there was a call position taken that the mother does have standing yes we're talking about statutory standing so it's waivable we're not talking about article 3 standing in this instance right but am I correct and that there was absolutely no mention of the father standing no mention at all so it's not in the they don't submit it as an issue to be resolved in front of the judge in the they don't raise it in the trial they don't raise it in a rule fifty a motion or a rule fifty be motion but when they raise it here they're raising it is statutory standing well it's yes under california law not article three standing as a waivable issue and and in their reply brief it's five they say well we didn't raise it because we misunderstood the law and it's a legal issue and you can resolve it but it's not a legal issue it's a factual issue which they admit in their briefing they say it turns on whether Mr. Zerbe uh... was dependent on some degree for support on his son and that's a factual question and their claim is that the evidence is insufficient and we've laid the evidence out in the brief first of all they don't talk about the legal test so your position is that because they didn't raise the issue of standing uh... with regard to your client it's waived because had they raised it you would have shored up the factual record exactly exactly if they would say you need to have magic words if they had said you need to have magic words that you need to prove in order then that inquiry would have been gone into further but there isn't any defect in the facts as they are the legal standard is just support to some extent they don't talk about that so clearly there's evidence we talk about it in the brief that that Mr. the decedent helped Mr. Zerbe run his business he invented tools he provided labor free labor two to three times a week it was a one-man operation and so they say well maybe he helped him make his business more profitable but when you all that's your business when you're a sole proprietor and the way you earn your living is through your business if someone is providing free labor and helping you uh... run it the money that you make is the money that you spend on the necessities of life food clothing and shelter let me let me present this hypothetical you're saying that uh... let's say some chap is running a mechanic shop over in long beach san pedro or something and there's a gentleman who just is a friendly senior citizen volunteer he comes over a couple of weeks says how are things going and chats about the world in general and then helps the mechanic off and on and in uh... performance of his work are you saying that the mechanic then has standing to assert a claim of wrongful death claim against his volunteer no I wouldn't your honor the statute in california says that a parent has standing for wrongful death if they are dependent to some degree on the child to the facts here are just some friendly person who came over it was the son who helped his son run the business and generate income that the father used to survive and so that's sufficient the test isn't that you have to have a majority of the income is very clear that it's simply to some financial support to some degree and the necessities of life food clothing shelter medical care which if but when you run when i run i'm a sole proprietor of my law business the money that i earn goes to pay my mortgage it pays for my health insurance my medical care my food and everything else you so it's the fact that it's mister zurby's son is providing forty percent of the labor in the business for free and suddenly that's withdrawn that's a huge hit so he's helping his father there was no evidence of the contrary all the evidence was undisputed and finally mister zurby testified his son supported him and in the reply brief the defense says he was he was using that context of loving emotional support but actually the testimony about support was in cross-examination by defense counsel who was talking about the business and and how you run the business and he said he did it because he loved me he was helping support me and the discussion was all about actually the facts of the business i think the rest of the arguments uh... or or they have been waived for the same reason qualified immunity it thirty three to forty of of mister zurby's brief i'd go in detail about the colloquy and i would just point to you on page thirty six this is the discussion of qualified immunity in the first colloquy the very first one he says this is defense counsel uh... then i'll i'll take out question two and three at the court's direction only reason i had them in there was to preserve some type of appellate issue with regard to the qualified immunity issue i'll take it out he said at the court's direction you don't need that he said i'll take it out but we can take those out that this is defense counsel then that was this wasn't a ruling this was a back up colloquy about what should be in there and then as we discussed you know it goes forward and the judge says i want two different versions i'm gonna rule on it the next day and it's never put back in so you're saying there was no formal ruling made on that at that point he was the judge was just reacting to what he thinks the verdict should be and he told both sides to propose a one verdict form or at least two competing versions but what's missing is that defense counsel if his appellate counsel now says oh the only way the qualified immunity is to get ruled on is judge we need to have a ruling we need interrogatories that was never told you you have an obligation as trial counsel to tell a district judge that if there is something critical in the case that the jury has to rule on that you've got to propose interrogatories and if the judge says you should take them out we don't need them you have to say no your honor we do need them here's why it's not enough to just say okay i'll take it out and then never mention it again so the final point i want to make is on this lump sum issue which the defense keeps pointing and then in the reply mr patelton uh... raises a panel decision for twenty fifteen in medina versus pile trucking it went our way he raised the same issue in that case and the court said that that the defense has no fight to make because that's a rule that's designed to protect plaintiffs not defendants it's not prejudicial so in any in any essence i'll leave more time for mr stevens thank you alright well you're actually over time uh... but let me see if judge noonan has any questions for you before you leave the lectern judge noonan no questions thank you alright thank you thank you let's put a couple of minutes on the clock this is the problem going at the end when you have such an interesting item i'll try to be very brief i have two minutes my focus is on the attorney's fees issue i acknowledge it's an abuse of discretion standard but here at the trial court i believe it clearly abuses discretion but with an inaccurate view of the law as well as clearly erroneous findings the abuse of discretion standard contemplates a view of the law that is consistent with the congressional purpose the congressional purpose of section nineteen eighty eight is to encourage counsel to take these cases you requested an attorney fee rate of seven hundred fifty dollars per hour that's correct your honor the district court concluded that three hundred dollars per hour was the prevailing rate in the community yes your honor uh... and uh... that's near somewhere midpoint near what awards are generally granted in the courts i think three hundred dollars is actually is very far from a midpoint that is the rate that mr beck who now has what evidence is there that three hundred dollars was not the prevailing rate in the community quite a bit your honor first looking at the most recent awards which this court's there was evidence on both sides that on which the court could make a decision i disagree that i disagree that there's evidence upon which the court could make a reasonable decision the evidence of prevailing rates your honor that's not the question is whether it was reasonable the question is whether it was an abuse of discretion yes your honor it was it's a tough standard i agree your honor i'm coming here in two minutes i'm trying to convince you that that tough standard is met but if you examine the record first of all the three hundred is even less than the defense expert who has no experience at all in civil rights litigation the the three hundred dollars an hour is contrary to the court's own findings that mr martirosian and mr galippo got five hundred and eight hundred were there at the deposition i don't know was that what ten percent haircut yeah i'm really not so concerned about the hours expended as you can see from the brief i'm looking at the hourly rate because the hourly rate as shown by the evidence of mr burton and miss sobel experienced civil rights lawyers with comparable years of experience as mr beck they are they are getting awards seven hundred to nine hundred dollars per hour and that's in the record i don't know why this district court decided to essentially deck mr beck to the rate of of a junior associate in the case but that is that's unreasonable uh... i i see that i am already on my red light i do want to answer the court's questions uh... my emphasis is on the hourly rate it is unsupported by the evidence it is contrary to the congressional purpose of nineteen eighty eight which is to encourage experienced attorneys people forty years of experience to actually take these cases and litigate them the way they need to be litigated this is complex work as the court knows from all the civil rights cases uh... often the key witness here the victim uh... is not available to explain what happened so they have to civil rights lawyer has to dig through forms of traditional civil rights case and they're very difficult cases and that's why congress says award award attorneys rates comparable to complex federal litigation in order to encourage counsel to take these cases three hundred dollars an hour for a forty year attorney which is the same rate that a junior associate gets does not fulfill the congressional purpose it's an inaccurate view of the law and it's clearly an erroneous finding of fact by the court and I ask that it be sent back thank you very much for your argument counsel thank you your honor let me begin with this before you go into rebuttal let me check with judge noonan to see if he has any questions for city council go ahead counsel thank you your honor let me start with the point about standing to pursue wrongful death and I'd like to do it in three steps because there are a lot of issues here let me briefly talk about what the standard is and then I'll talk about waiver and the stipulation the standard that we should not lose sight of is that to pursue a wrongful death claim as the parent of the decedent you must be dependent upon your son for the necessities of life the hypotheticals that were talked about in the prior enough evidence here to meet that standard isn't there I mean absolutely not the necessity of what deficiency of evidence is there in that regard the case law in california talks about having to find support for shelter and food clothing here we're talking about the son who was at most the employee of the father he was an occasional employee it can't be said that the manager the owner of the business was dependent upon the son all the evidence suggests the opposite is that the son was dependent upon the parents not what they have I still don't understand why it's not waived in this case we're not talking about article freestanding we're talking about statutory standing and perhaps your response is that well this is a pure legal question and we should go ahead and reach it but the problem is that there are facts here that could have been developed further that go to dependency that plaintiffs didn't have an opportunity to develop because the city never raised that issue so how do you respond to that there are three responses your honor first it is a legal issue and therefore the court should reach it second it's not just a legal issue it's a fundamental issue we're not talking about a side issue of evidence we're talking about the core right to actually bring a claim and third it's not a situation where the plaintiffs can say they would have put on better or different evidence if they had only known that the issue were in the case and that's because what they needed to show to create a factual issue was exactly what they needed to show to recover economic damages they were seeking economic damages as part of their wrongful death action and that's exactly what we're talking about at the level of standing if there was dependency then showing that would emphasize and help to prove their damages case they had no incentive whatsoever to hold back their best evidence that would have been probative standing and as i said there is absolutely no evidence that either parent was dependent upon their son for the necessities of life that's very clear now let me say a word about the stipulation if I may because I think it shows what was pretty widespread confusion in the district court on the difference between survival and wrongful death the point of the stipulation from the plaintiff's perspective as Mr. Hoffman indicated was to prevent a situation in which the mother is allowed to take the stand as a party harmful evidence is elicited and then the defendants move to dismiss her and of course defendants had no objection to agreeing that she would not be dismissed because of course she had standing to pursue a survival claim that's the point there was no dispute she could pursue a survival claim now the debate happened in the context and the language of wrongful death but this is another example of the district court's ultimate confusion the district court eliminated their right to recover survival damages and only allowed them to proceed on wrongful death damages so I think this sort of mass confusion that permeated the proceedings in the district court is the reason to grant a new trial unless there are further questions all right thank you very much thank both sides for your arguments very helpful in this case and the matter is submitted for decision by this court
judges: Noonan, Lucero, Nguyen